## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| CASEY FRALICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-1015 |
| | ) | |
| BIAGGI'S INC., an Illinois corporation, | ) | Honorable Joe B. McDade |
| BIAGGI'S RISTORANTE ITALIANO | ) | |
| L.L.C., an Illinois Limited Liability | ) | |
| Company, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER PROVIDING NOTICE OF COURT'S PROPOSED JURY INSTRUCTIONS

On February 8, 2018, the Court held a pre-trial conference in the above-captioned matter. The conference was continued to February 15, 2018. Prior to the conference, the parties submitted Joint Jury Instructions, as well as individual instructions proposed by each party. (*See* Doc. 70, Exhs. G, H, I). The parties also submitted, in writing, their arguments regarding jury instruction disagreements. Before the formal pre-trial conference began on February 8, the Court indicated to the parties which instructions it intended to accept, reject, and accept as modified. After thorough discussion, disputes remained on five instructions while the remainder of the instructions were agreed to.

The Court hereby transmits the below proposed jury instructions so the parties may review them before the final pre-trial conference on February 15, 2018.

1

**Court Proposed Instruction No. 1, as modified**

To succeed on the interference claim, Plaintiff must prove all of the following by a preponderance of the evidence:

First: Plaintiff had a health condition that was a "serious health condition." I will define "serious health condition" for you in a moment. The parties stipulate that Plaintiff had a health condition that was a "serious health condition."

Second: Defendant had appropriate notice of Plaintiff's need for leave. I will define "appropriate notice" for you in a moment.

Third: Defendant interfered with his right to take FMLA leave by not giving him leave, terminating him, and not allowing him to return to his job or an equivalent position.

This instruction follows Seventh Circuit Pattern Jury Instruction 10.2 for an FMLA interference claim. For purposes of clarity for the jury, the Court combined elements one and two from the pattern instruction, and added that the parties have stipulated to the satisfaction of the first element. <u>Court Proposed Instruction No. 1, as modified, intends to replace Court Proposed Instruction No. 1. Plaintiff's Proposed Instruction No. 1 remains rejected because of this instruction.</u>

**Court Proposed Instruction No. 3**

You have heard evidence that the Plaintiff lied on his application for employment with the Defendant about a theft conviction. You may consider this evidence in regard to Plaintiff's character for truthfulness or untruthfulness.

Assuming you find for Plaintiff, you will have to assess the amount and type of damages to which the Plaintiff is entitled. If you find that Plaintiff lied on his application for employment with Defendant, and Defendant would have fired

Plaintiff on learning of Plaintiff's misconduct, Plaintiff's damages may be curtailed and limited through the date when Defendant learned of Plaintiff's misconduct.

In its February 2, 2018, Order, the Court indicated that Plaintiff's 2008 felony theft condition would be admitted only on the issue of damages. (Doc. 88 at 5-6). However, upon further consideration, the Court believes that the conviction should, and must, be admitted for purposes of impeachment, as well. Federal Rule of Evidence 609 limits the admissibility of convictions that are over ten years old. Evidence of a conviction that is more than ten years old is admissible only if "its probative value, supported by the specific facts and circumstances, substantially outweighs its prejudicial effect," and "the proponent gives an adverse party reasonable written notice of the intent to use it so the party has fair opportunity to contest its use." FED. R. EVID. 609(b).

After considerable thought on the issue, the Court believes the probative value of the conviction substantially outweighs its prejudicial effect because Biaggi's almost certainly would not have hired Plaintiff had it been aware that he was convicted of felony theft for stealing from a prior employer. For that reason, this conviction is extremely probative to the issues of damages and Plaintiff's veracity. Thus, the Court believes that this instruction adequately accounts for Plaintiff's conviction, him lying on his application about same, and for what purpose the jury can consider each act when analyzing the evidence in this matter. <u>Court Proposed Instruction No. 3 intends to replace Joint Instruction No. 38 and Court Instruction No. 2.</u>

3

# Court Proposed Instruction No. 4

To succeed on the retaliation claim, Plaintiff must prove all of the following by a preponderance of the evidence:

First: Plaintiff had a health condition that was a "serious health condition." I will define "serious health condition" for you in a moment. The parties stipulate that Plaintiff had a health condition that was a "serious health condition."

Second: Defendant had appropriate notice of Plaintiff's need for leave. I will define "appropriate notice" for you in a moment.

Third: that Plaintiff's FMLA leave was a motivating factor in Defendants' decision to terminate him. The term "motivating factor" means a reason why Defendants took the action that they did. It does not have to be the only reason.

If you find that Plaintiff's FMLA leave motivated Defendants to terminate Plaintiff's employment, you must find for Plaintiff - unless you decide that Defendants have proved by a preponderance of the evidence that they would have terminated him even if Plaintiff had not taken FMLA leave.

If you find that Defendants have proved that, then you must find for Defendants. If you find that Defendants have not proved that, then you must find for Plaintiff.

The Seventh Circuit Pattern Jury Instruction 10.4 for an FMLA retaliation claim uses the ambiguous bracketed phrase "protected activity."[1] The parties disagreed about how to define "protected activity." Seventh Circuit case law indicates

---

[1] **10.4 Elements of FMLA Retaliation Claim**
To succeed on this claim, Plaintiff must prove, by a preponderance of the evidence, that his [protected activity] was a motivating factor in Defendant's decision to [adverse action] him. The term "motivating factor" means a reason why Defendant took the action that it did. It does not have to be the only reason.

If you find that Plaintiff's [protected activity] motivated Defendant to [adverse action] him, you must find for Plaintiff - unless you decide that Defendant has proved by a preponderance of the evidence that it would have [adverse action] him even if Plaintiff had not [protected activity].

If you find that Defendant has proved that, then you must find for Defendant. If you find that Defendant has not proved that, then you must find for Plaintiff.

that an employee engages in "protected activity" if they suffered from a serious health condition and provided sufficient notice of their intent to take leave. *See Nicholson v. Pulte Homes Corp.*, 609 F.3d 819, 828 (7th Cir. 2012). Therefore, the Court added the elements of notice and serious health condition to the retaliation claim. This is consistent with the fact that the only difference between an interference claim and a retaliation claim is the discriminatory intent element of a retaliation claim. Court Proposed Instruction No. 4 should also alleviate Defendant's concern about the unfair use of the term "leave" in any proposed instruction. The phrase "FMLA leave" as used in the proposed third element above is consistent with the phrasing of the last element in an interference claim. The term "FMLA leave" only becomes pertinent once the jury has found the notice and serious health condition elements satisfied. <u>Court Proposed Instruction No. 4 intends to replace Plaintiff's Proposed Instruction No. 2. Defendant's Proposed Instruction No. 9 remains rejected because of this instruction.</u>

Parties should come to the February 15, 2018, final pre-trial conference prepared to discuss these instructions.

SO ORDERED.

Entered this <u>13th</u> day of February, 2018.

                                                                          s/ Joe B. McDade
                                                                          JOE BILLY McDADE
                                          United States Senior District Judge